```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DENISE S. TERRELL, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action |
| v. | No. 16-cv-07579 (JBS-AMD) |
| CAMDEN COUNTY JAIL, | **OPINION** |
| Defendant. | |

APPEARANCES

Denise S. Terrell, Plaintiff Pro Se
1990 Laurel Road, Apt. AU392
Lindenwold, NJ 08021

**SIMANDLE, Chief District Judge:**

1. Plaintiff Denise S. Terrell seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2. 28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

1

3. For the reasons set forth below, the Court will: (1) dismiss the Complaint with prejudice as to claims made against CCJ; and (2) dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4. First, the Complaint must be dismissed with prejudice as to claims made against CCJ because defendant is not a "state actor" within the meaning of § 1983. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

5. Second, for the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

6. The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

7. To survive *sua sponte* screening for failure to state a claim[1], the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

8. With respect to the alleged facts giving rise to Plaintiff's claims, the Complaint states: "[I was] incarcerated in [a] cell with 3 other women and slept on floor. When processed in June 2015, [I] found out I was pregnant prior to being sent to jail and I was not given immediate medical attention; and became ill which put myself and unborn child in jeopardy." Complaint § III(C).

9. Plaintiff states that these events occurred: "February 2015, March 2015, April 2015, May 2015, June 2015." *Id*. § III(B).

10. With resepct to injury from the alleged events, Plaintiff claims that she received "no immediate treatment for pregnancy which caused illness." *Id*. § IV.

11. Plaintiff seeks "adequate compensation for emotional and physical trauma." *Id*. § V.

12. Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding in relation to Plaintiff sleeping "on the floor" (Complaint § III(C)), any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

13. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not

4

rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348-50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

  14. There are also not enough facts for the Court to infer Plaintiff was denied adequate medical care. In order to set forth a cognizable claim for violation of the right to adequate

5

medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). A mere assertion that Plaintiff was "not given immediate medical attention" (Complaint § III(C)) is insufficient to meet the pleading standard in the absence of any facts. If Plaintiff wishes to pursue this claim, Plaintiff should provide facts in an amended complaint supporting both of the requirements of a claim of inadequate medical care.

15. Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[2]

16. Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable

---

[2] The amended complaint shall be subject to screening prior to service.

6

inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

17.  Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

18.  For the reasons stated above, the Complaint is: (a) dismissed with prejudice as to the CCJ; and (b) dismissed without prejudice for failure to state a claim.

19.  An appropriate order follows.

**February 27, 2017**            **s/ Jerome B. Simandle**
Date                             JEROME B. SIMANDLE
                                 Chief U.S. District Judge